**Varian WHITE, Plaintiff—Appellant,**

v.

**WALDEN HOUSE DRUG PROGRAM; et al., Defendants—Appellees.**

No. 05–16218.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 29, 2006.

Varian White, San Quentin, CA, pro se.

Peggy S. Doyle, Irene Takahashi, Lewis Brisbois Bisgaard & Smith LLP, San Francisco, CA, for Defendants–Appellees.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Varian White, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his equal protection rights by denying him enrollment in its residential drug treatment program after learning that he was required to register as a sex offender. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003), and we affirm.

The district court properly granted summary judgment for the defendants because they provided a rational basis for excluding registered sex offenders from the Walden House residential drug treatment program. *See Heller v. Doe*, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) ("A classification must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification") (citations and internal quotation omitted). Furthermore, White has failed to raise a genuine issue of material fact as to whether the defendants' asserted rational bases are merely a pretext for differential treatment. *See Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 945–46 (9th Cir.2004) ("a plaintiff may pursue an equal protection claim by raising a triable issue of fact as to whether the defendants' asserted rational basis was merely a pretext for differential treatment") (internal quotation omitted).

White's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.